UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMI KAY VANDUSEN, | CASE NO. C25-5935 BHS |
| Plaintiff, | ORDER |
| v. | |
| COWLITZ COUNTY COMMISSIONERS, et al., | |
| Defendant. | |

THIS MATTER is before the Court on pro se plaintiff Tami Kay VanDusen's "emergency motion for protective order and forensic review," Dkt. 1, and her application to proceed *in forma pauperis*, Dkt. 3, supported by her affidavit of indigency and proposed complaint, Dkt. 3-1. VanDusen also requests that the Court appoint her counsel. Dkt. 3-2.

The filings are difficult to follow. VanDusen's emergency motion was, at the time it was filed, untethered to any active case in this district; she had not filed a complaint, paid the filing fee or applied to proceed *in forma pauperis*, or served or otherwise notified any defendant of her motion. Dkt. 1. Nevertheless, she asks the Court to broadly and on

ORDER - 1

an emergency basis "prohibit any further surveillance intrusion, or harassment by law enforcement personnel including audio and visual monitoring inside Plaintiff's personal residence." *Id.* at 2.

Her later-filed proposed complaint purports to sue Cowlitz County's Commissioners, Sheriff's Office, Court Administration, and Prosecutor's Office; the City of Kelso and its Police Department; the City of Longview, its Police Department, and its "employees;" the Wahkiakum Cowlitz County Task Force; the Department of Corrections; and two individuals whose names appear only in the caption, Ted DeBray and Tiffany Girard. Dkt. 3-1. She alleges in the passive voice that she "has experienced sustained surveillance, digital sabotage, medical interference, and emotional harm over a multi -year period." *Id.* at 2. She does not tie any of these vague and conclusory allegations to any defendant.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Even if a plaintiff is indigent, the Court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*,

821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted).This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in

causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981)

VanDusen has not pled a plausible claim against any defendant. She has pled only legal conclusions, and she has not articulated the "who what when where why and how" of a plausible factual narrative tying any defendant to any specific conduct, much less to any misconduct actionable in this Court. Nor has she identified any *person* who *personally participated* in any constitutional violation. To state a plausible claim, a plaintiff must allege facts that allow *the Court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. She has not done so, and her application to proceed *in forma pauperis*, Dkt. 3, is **DENIED**.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

It is perhaps possible that VanDusen could plausibly plead a claim against a defendant, but her 42 U.S.C. § 1983 claims against various agencies are not plausible. She should pay the filing fee or file a proposed amended complaint addressing these deficiencies within 21 days, or the matter will be dismissed.

Unless and until VanDusen has filed and served a plausible complaint, the Court is unlikely to rule on any other motions, including her emergency motion for a TRO. Even if it did address her motion on the merits, it would not grant it on this record.

1    A TRO's purpose is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The last two factors merge if the government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

As discussed above, VanDusen has not pled a plausible claim, and she has therefore not established that she is likely to succeed on the merits of any claim. Her motion for a TRO, Dkt. 1, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge